### 41682. DeWOLFF et al. v. FULTON COUNTY et al.
(325 SE2d 140)

MARSHALL, Presiding Justice.

This case involves questions concerning the disposal of property acquired, but later found not to be needed, for county or municipal road purposes. OCGA § 32-7-3 et seq. The appellants are property owners whose properties were acquired for road purposes, but fractional acreages within these properties were not used for road purposes. Another party has sought rezoning of these fractional acreages from residential to commercial, along with a petition to rezone adjacent property from residential to commercial. The appellants are now seeking to mandamus the county to sell the property acquired from them, but not used for road purposes, back to them at its fair market value prior to any rezoning. The superior court denied the petition for mandamus. For reasons which follow, we affirm.

In 1957, appellant L. J. DeWolff purchased a lot and house in the Sunnybrook Meadows Subdivision. In 1961, appellants Mr. and Mrs. Arnold VanLeeuwen purchased an adjoining house and lot. These two lots were located at the intersection of Roswell Road and Abernathy Road in Fulton County.

In 1972, the appellants DeWolff and VanLeeuwens sold their properties to Fulton County under threat of condemnation. Fulton County used a portion of the two lots for road purposes, and the remaining .7586 of the last remaining acre remained as excess property.

In January of 1984, Fulton County allowed the .7586 of the last remaining acre to be included in a petition by Chatham Properties, Inc., to rezone adjacent property from R-3 single family residential to O-I Office and Industrial. At this time, the appellants sought to reacquire the property at its fair market value prior to rezoning, but Fulton County rejected this demand. Fulton County has subsequently denied the rezoning request filed by Chatham Properties, Inc., and the appellants' motion to intervene in this suit seeking to overturn this rezoning denial was granted.

In this suit, the appellants are seeking a writ of mandamus against Fulton County, arguing that OCGA § 32-7-4 requires the county to allow the appellants to reacquire the excess real property at its present market value. The county argues that there is no evidence in the record that it no longer needs the subject property; and since the county has not decided to sell or lease the property, OCGA § 32-7-5 (a) allows the county to use the property for other purposes.

Motions for summary judgment were filed by the parties. The county's motion for summary judgment was granted, and the appellants DeWolff's and VanLeeuwens' motion for summary judgment was denied. This appeal follows.

As previously stated, the cited Code sections concern municipal and county procedures for the disposal of property acquired, but later found not needed for public road purposes.

1. Section 32-7-3 provides, in pertinent part, that, "Whenever any property has been acquired in any manner by the department, a county, or a municipality for public road purposes and thereafter the department, county, or municipality determines that all or any part of the property or any interest therein is no longer needed for such purposes because of changed conditions, the department or the county or municipality is authorized to dispose of such property or such interest therein in accordance with Code Section 32-7-4."

2. Under § 32-7-4 (a) (1), the county or municipality, in disposing of property under § 32-7-3, is required to notify in writing (or by publication if his address is unknown) the party from whom the property is acquired, and "he shall have the right to acquire, as provided in this subsection, the property with respect to which the notice is given."

Section 32-7-4 (a) (2) further provides, "When an entire parcel acquired by the department, a county, or a municipality, or any interest therein is being disposed of, it may be acquired under the right created in the preceding paragraph at such price as may be agreed upon, but in no event less than the price paid for its acquisition. *When only remnants or portions of the original acquisition are being disposed of, they may be acquired for the market value thereof at the time the department, county, or municipality decides the property is no longer needed.*" (Emphasis supplied.)

3. However, as argued by the county, it is not absolutely required to dispose of or sell unused property originally acquired for road purposes. In this regard, § 32-7-5 (a) provides, "In order that any interest in real property acquired for public road or other transportation purposes may be used most economically, the department, counties, or municipalities, in addition to the authority granted in Code Section 32-7-3 to dispose of property no longer needed and in subsection (b) of Code Section 32-3-3 to exchange property, may, notwithstanding Article 2 of Chapter 16 of Title 50, the 'State Properties Code,' *improve, use, maintain, or lease any interest* in property acquired for public road or other transportation purposes that is not presently needed for such purposes." (Emphasis supplied.)

But, § 32-7-5 (b) provides, in pertinent part, "If the department, a county, or municipality decides to lease any such property or interest therein, the owner of such property at the time of its acquisition

or his successor in interest shall have the right to lease such property at an appraised fair market value to be determined by the department, county, or municipality for such period of time until the property is needed for public road or other transportation purposes . . ."

4. We agree that the rezoning of property acquired for public road purposes does not, in itself, invoke the provisions of § 32-7-3 et seq. Therefore, the application for writ of mandamus, at least at this point, was correctly denied. However, we hold that if the county or municipality acquires property for public road purposes, rezones it in a manner increasing its value, and then decides to sell the property, it must be held that the county or municipality decided that the property was no longer needed for public road purposes at the time of the rezoning, and, thus, the property must be offered to the original owner based on its value under its pre-rezoning classification.

In such a situation as the one in the present case, it is, in fact, impossible to define the actual, subjective intent of the county officials on the question of when they reached or will reach the decision that the property was or is no longer needed for public road or other transportation purposes. And, as argued by the appellants, to allow the county or municipality to sell the property to the party from whom the property was acquired at its fair market value after the rezoning would allow the county or municipality to engage in land speculation. This certainly violates the spirit of the previously cited statutory provisions.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 29, 1985.

*Harris, Phillips & Harris, R. Britt Harris, Jr.,* for appellants.
*Dillard, Greer, Westmoreland & Wilson, Richard W. Wilson, Jr., Franklin N. Biggins,* for appellees.